UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

JONA FEDER on behalf of himself and
all other similarly situated consumers

                           Plaintiff,

          -against-


GC SERVICES LIMITED PARTNERSHIP

                       Defendant.


_____


## CLASS ACTION COMPLAINT

### INTRODUCTION

1.    Plaintiff, Jona Feder, brings this action on behalf of himself and all others similarly situated, by way of this Class Action Complaint for the illegal practices of Defendant, GC Services Limited Partnership who, inter alia, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

### PARTIES

2.    At all times relevant to this lawsuit, Plaintiff was a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4.    The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. At all times relevant to this lawsuit, Defendant's principal place of business was located within Houston, Texas.

6. Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

7. Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## JURISDICTION & VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims of Plaintiff occurred within this federal judicial district.

## FACTS PARTICULAR TO JONA FEDER

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. Within the one year immediately preceding the filing of this complaint, the Defendant contacted the Plaintiff on multiple occasions via telephone and left numerous voice messages in an attempt to collect the alleged obligation.

12. By way of limited example only, the following is a transcript of one such message that Defendant left for Plaintiff on his cellular telephone voicemail system on or about July 25, 2012:

"This message is for Jona Feder, Mr. Feder my name is Sean Allan calling from GC Services just returning your call, I can be reached at 8777108001 extension 3095, once again it is very important."

13.   By way of limited example only, the following is a transcript of another such message that

Defendant left for Plaintiff on his cellular telephone voicemail system on or about July 27,

2012:

"Hello this message is for Jona Feder, my name is this Ms. Rose Milles, it is important you

call me at 8777108001 that's 8777108001, thank you."

14.   At the time Plaintiff received the said messages, he did not know the identity of the caller.

15.   At the time Plaintiff received the said messages, he did not know any persons named "Sean

Allan" or "Ms. Rose Milles."

16.   At the time Plaintiff received the said messages, he did not know that the caller was a debt

collector.

17.   At the time Plaintiff received the said messages, he did not know that the call concerned the

collection of a debt.

18.   Each of the messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

19.   Each of the above messages uniformly failed to identify the callers as debt collectors

attempting to collect a debt.

20.   Each of the said messages uniformly failed to provide meaningful identification of the

Defendant's legal name.

21.   The least sophisticated consumer could believe that the messages were from an original

creditor.

22.   The least sophisticated consumer could believe that the messages pertain to a host of issues

– including family or medical matters – which may be viewed by a consumer as more

pressing than a debt owed.  The apparent purpose of these messages is to be vague enough

to provoke the recipient to return the calls in haste.  Leaving a message that deceptively

entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent.

23.     The messages left by Defendant were deceptive and harassing per se in that they secreted the identity of the Defendant in violation of 15 U.S.C. § 1692d(6).

24.     Upon information and belief, it is the regular practice of the Defendant to leave messages on consumers' answering machines that do not meaningfully identify themselves, and/or do not identify themselves as a debt collector.

25.     The only way for Plaintiff and/or any least sophisticated consumer to obtain the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages, was to place a return call to the telephone number provided in the messages and to speak with a debt collector employed by GC Services Limited Partnership, and to provide the debt collector with personal information.

26.     The Defendant intended that the messages have the effect of causing Plaintiff, and other least sophisticated consumers, to place return calls to the telephone number provided in the messages and to speak with their debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the messages, and to ascertain the purpose underlying the messages.
        Scores of federal court decisions – including the 2nd Circuit Court of Appeals and District Courts within the State of New York – uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

27.     At all times relevant to this action, GC Services Limited Partnership was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself

in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

28.     At all times relevant to this action, GC Services Limited Partnership willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the said messages, by accurately stating its company name and stating the nature and/or purpose of the call.

29.     The Defendant's act of leaving the said messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

30.     The Defendant's act of leaving the said messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of a debt and is in violation of the FDCPA.

31.     The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer.  By failing to meaningfully identify itself, disclose the purpose of its call and state that GC Services Limited Partnership is a debt collector in a manner understandable to the least sophisticated consumer, the Defendant has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

32.     It is Defendant's policy and practice to  leave telephonic voice messages for consumers and other persons, such as the above said messages, that violate the FDCPA by, inter alia:

    (a)     Failing to provide meaningful disclosure of GC Services Limited Partnership's identity;

    (b)     Failing to disclose that the call is from a debt collector; and

    (c)     Failing to disclose the purpose or nature of the communication, i.e. an attempt to

collect a debt.

33.   Upon information and belief, such messages, as alleged in this complaint, number at least in the hundreds.

34.   Upon information and belief, the said messages were pre-scripted.

35.   Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

36.   The said telephone messages are in violation of 15 U.S.C. §§ 1692d, 1692d(6), 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector, which constitutes a deceptive practice.

37.   On many occasions within the past year, Defendant GC Services Limited Partnership utilized machinery that falsely indicated to the Plaintiff that the telephone call was coming from someplace within the (914) telephone area code.

38.   When the Defendant telephoned the Plaintiff, the Plaintiff's "caller ID" unit falsely indicated that the call was originating from some place within the (914) area code.

39.   The Defendant's representatives were not located within the (914) area code when calling. The "caller ID" message that Defendant caused to be transmitted to Plaintiff did not meaningfully disclose the Defendant's identity to the Plaintiff, but instead attempted to deceive the Plaintiff into believing that the call was coming from someone other than an out-of-state debt collector.

40.   The Defendant's use of this machinery was deceptive in that the Defendant does not reside or have offices within the (914) area code.

41.   The Defendant's actions violated 15 U.S.C. §§ 1692e, 1692e(10), 1692e(14) 1692d, 1692d(6) and 1692f.   See e.g., FTC v. EMC Mortgage Corp. et. al. (USDC-EDTX –Sept. 9, 2008) ("In numerous instances, EMC has made collection calls using cell phones that

display only the borrower's local area code on the borrower's caller identification display

("caller ID"), and without identifying its name on the caller ID. EMC has used cell phones

and caller ID in this fashion notwithstanding that EMC was not calling from the borrower's

local area code.")  See e.g., The 2008 FTC Workshop Report "Debt collectors who convey

false or misleading information (either telephone numbers) to consumers through Caller ID

violate the FDCPA and Section 5 of the FTC Act.  Prior private actions indicate that a debt

collector who makes a false or misleading representation in this context violates the

FDCPA.  The Commission has affirmed that this practice violates both the FDCPA and

Section 5."

42.    The Defendant's automatic telephone dialer system contains a function that projects a false

       caller ID number onto the caller's Caller ID unit.

43.    The Defendant utilized this dialer function and projected a false caller ID number onto the

       Plaintiff's Caller ID display.

44.    The number projected began with a (914) New York area code and was projected by

       Defendant's dialer to give the Plaintiff the false impression that the Defendant was located

       physically close to the Plaintiff.

45.    Upon information and belief, Defendant GC Services Limited Partnership used its Dialer to

       dial Plaintiff's wireless phone number for each of those calls.

46.    GC Services Limited Partnership manipulated the caller ID for these calls and calls that

       were dialed manually.

47.    For some of the calls, GC Services Limited Partnership manipulated the caller ID so that it

       showed that the call was coming from New York.

48.    For each of these calls, the second line of the caller ID indicated that the calls were coming

       from the (914) area code, which is a local New York area code.

49.     Upon information and belief, GC Services Limited Partnership does not have any offices within the geographical (914) area code.

50.     Upon information and belief, GC Services Limited Partnership does not have any dialer located within New York.

51.     The said communication is unlawful under the FDCPA and is in direct violation of *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006).  Said practice is in violation of the FDCPA:

        15 U.S.C. § 1692d(6) requires that a debt collector making a telephone call provide meaningful disclosure of the caller's identity.  A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Furthermore, without limiting the general application of the foregoing, except as provided in section [1692b] of this title, the placement of telephone calls without meaningful disclosure of the caller's identity is a violated conduct of this section.

52.     Defendant's voice messages were "communications" for purposes of debt collection within the meaning of the FDCPA, and the Defendant was required to make the disclosures required by 15 U.S.C. §§ 1692d(6) and 1692e(11).  See e.g., Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350 (11th Cir. 2009); Ramirez v. Apex Fin. Mgt., LLC,567 F. Supp. 2d 1035 (N.D. III.2008); Foti v. NCO Financial Systems, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); Hosseinzadeh v. M.R.S. Associates, Inc., 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); Joseph v. J. J. MacIntyre Cos., 281 F.Supp.2d 1156 (N.D.Cal. 2003); Leyse v. Corporate Collection Servs., 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18,2006); Stinson v. Asset Acceptance, LLC, 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); Belin v. Litton Loan

Servicing, LP, 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

53.   Misrepresentations to the recipient of a debt collection call in connection with collection of a debt, violates numerous sections of the FDCPA, including 15 U.S.C. § 1692e.

54.   Some, or all, of the Defendant's voice messages for Plaintiff did not make a meaningful disclosure of the caller's identity.

55.   Manipulating the caller ID for collection calls is a violation of 15 U.S.C. § 1692e.

56.   The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692c(b) and 1692d.

## CLASS ALLEGATIONS

57.   This action is brought as a class action.  Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58.   The identities of all class members are readily ascertainable from the records of GC Services Limited Partnership and those business and governmental entities on whose behalf it attempts to collect debts.

59.   Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of GC Services Limited Partnership, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

60.   There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.  The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

61.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

62.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint.  The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

63.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

   (b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members.  The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

   (c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d)     **Adequacy:**  The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent

-10-

class members.  The Plaintiff is committed to vigorously litigating this matter.
Plaintiff has also retained counsel experienced in handling consumer lawsuits,
complex legal issues, and class actions.  Neither the Plaintiff nor his counsel
have any interests, which might cause them not to vigorously pursue the instant
class action lawsuit.

(e)  **Superiority:** A class action is superior to the other available means for the fair
and efficient adjudication of this controversy because individual joinder of all
members would be impracticable.  Class action treatment will permit a large
number of similarly situated persons to prosecute their common claims in a
single forum efficiently and without unnecessary duplication of effort and
expense that individual actions would engender.  Certification of a class under
Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because
adjudications with respect to individual members create a risk of inconsistent or
varying adjudications which could establish incompatible standards of conduct
for Defendants who, on information and belief, collect debts throughout the
United States of America.

64.  Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is  also
appropriate in that a determination that Defendant's communications with the Plaintiff, such
as the above stated claims is tantamount to declaratory relief and any monetary relief under
the FDCPA would be merely incidental to that determination.

65.  Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also
appropriate in that the questions of law and fact common to members of the Plaintiff's Class
predominate over any questions affecting an individual member, and a  class action is
superior to other available methods for the fair and efficient adjudication of the controversy.

66.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

67.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixty six (66) as if set forth fully in this cause of action.

68.   This cause of action is brought on behalf of Plaintiff and the members of two classes.

69.   Class A consists of all persons: (a) whom Defendant's records reflect resided within the State of New York (b) who received telephonic messages from Defendant within one year prior to the date of the within complaint up to and including the date of the filing of this Complaint (c) involving telephone messages which were placed without setting forth that the communications were from a debt collector and without stating the Defendant's legal name; and (d) that the telephone messages were in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11).

70.   Class B consists of all persons: (a) whom Defendant's records reflect resided in the State of New York (b) who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (c) the telephone messages were placed to a consumer seeking payment of a consumer debt; and (d) that the telephone messages were in violation of 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(14), and 1692f, for caller ID manipulation.

71.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a)     Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b)     There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members.  The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)     The only individual issue involves the identification of the consumers who received such telephonic messages (i.e. the class members).  This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests.  The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.  The Plaintiff's interests are consistent with those of the members of the class.

72.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k).  The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.  Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

73.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

74.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

75.   The Defendant's actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

76.   The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

## SECOND CAUSE OF ACTION

**Violations of New York General Business Law § 349 brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

77.   Plaintiff hereby re-states, re-alleges, and incorporates herein by reference all foregoing relevant paragraphs as if set forth fully in this cause of action.

78.   Under New York General Business Law § 349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.  GBL § 349 provides in relevant part as follows:

A. Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

H. In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions.  The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a

-14-

prevailing Plaintiff.

79.    Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. in that the Defendant, GC Services Limited Partnership utilized machinery that falsely indicated to the Plaintiff that the telephone call was coming from someplace within the (914) telephone area code.

80.    When the Defendant telephoned the Plaintiff, the Plaintiff's "caller ID" unit falsely indicated that the call was originating from some place within the (914) area code.

81.    The Defendant's representatives were not located within the (914) area code when calling.

82.    The "caller ID" message that Defendant caused to be transmitted to Plaintiff did not meaningfully disclose the Defendant's identity to the Plaintiff, but instead attempted to deceive the Plaintiff into believing that the call was coming from someone other than an out-of-state debt collector.

83.    Defendant is a national debt collection company that collects debt from hundreds if not thousands of New York consumers each year.

84.    As such, the deceptive practices alleged herein have a broad impact on New York consumers at large.

85.    The Defendant's actions violated the Plaintiff's rights and caused the Plaintiff damage in the form of invasion of the Plaintiff's privacy and acting unfairly and deceptively towards Plaintiff.

86.    The Plaintiff requests that the Court issue an injunction prohibiting the Defendant from telephoning the Plaintiff and New York consumers, and causing deceptive information to appear on the Plaintiffs caller ID unit.

87.    By unlawfully pretending that Defendant was in a (914) area code when calling, Defendant has committed materially misleading unfair and deceptive consumer-oriented acts that have

caused Plaintiff to suffer actual injury in the form of emotional distress.

88.     Upon information and belief, Defendant regularly utilizes deceptive practices as described above in an attempt to collect consumer debts.

89.     Defendant's actions have a broad impact on New York consumers at large.

90.     As a direct and proximate result of Defendants' deceptive acts and practices, committed in willful and knowing violation of GBL § 349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendant's deceptive collection practices.

91.     Defendant is liable to Plaintiff for violations of GBL § 349.

92.     This cause of action is brought on behalf of plaintiff and the members of a class.

93.     The Class consists of all persons: (a) whom Defendant's records reflect resided in New York and were left a telephonic message or that an attempt was made to contact the class member where the caller ID was manipulated in a deceptive fashion from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; and (b) that Plaintiff asserts that the telephone message or attempt was in violation of GBL § 349.

94.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a)     Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b)     There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.  The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)     The only individual issue is the identification of the consumers who received the telephone calls (i.e. the class members), a matter capable of ministerial determination

from the records of Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members.  All are based on the same facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims.  The Plaintiff's interests are consistent with those of the members of the class.

95.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k).  The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

96.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

97.     The Defendant's violation of GBL 349 entitles the Plaintiff and the members of the class to damages in accordance with the said provision.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and on behalf of the members of the class, and against the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Brooklyn, New York
      July 22, 2013

                                      /s/   Maxim Maximov
                                    Maxim Maximov, Esq.
                                    Attorneys for the Plaintiff
                                    Maxim Maximov, LLP
                                    1600 Avenue M, 2nd Floor
                                    Brooklyn, New York 11230
                                    Office: (718) 395-3459
                                    Facsimile: (718) 408-9570
                                    E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                    /s/    Maxim Maximov
                                    Maxim Maximov, Esq.